UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENERVA W. TROTMAN,<br><br>Petitioner,<br><br>v.<br><br>R. THOMPSON,<br><br>Respondent. | Civil Action No. 25-6315 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. On May 27, 2025, *pro se* Petitioner Enerva W. Trotman, a convicted and sentenced federal prisoner confined in FCI Fort Dix, New Jersey, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") in the United States District Court for the Eastern District of North Carolina. (ECF No. 1); *Trotman v. Thompson*, No. 5:25-hc-02125 (E.D.N.C.)

2. On May 30, 2025, District Judge James C. Dever, III transferred the Petition to the District of New Jersey. (ECF No. 2).

3. This Court administratively terminated the Petition as Petitioner had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 5).

4. Petitioner paid the filing fee on August 1, 2025. Therefore, this Court will reopen the proceedings.

5. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

6.     A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

7.     Nevertheless, a federal court must dismiss a habeas corpus petition without the filing of an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ... ." 28 U.S.C. § 2254 Rule 4 (made applicable by Rule 1(b)).

8.     This Court lacks jurisdiction over the Petition. Petitioner argues that the arresting officers' failure to read him his *Miranda* rights and have him sign a waiver of those rights invalidates his arrest. (ECF No. 1 at 3). He asks this Court to release him immediately. (*Id.* at 8).

9.     Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2012) (noting that "the plain meaning of the term 'execution' … is to 'put into effect' or 'carry out.'") Petitioner is not challenging how the Bureau of Prisons is carrying out his sentence; he is arguing that he never should have been convicted at all. (*See* ECF No. 1 at 8 (stating that violation of *Miranda* rights caused an "illegal conviction" and that "no probation or half-way house is justified due to lack of jurisdiction."))

10.    "[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). "To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 'unless ... the [§ 2255] remedy by motion is

inadequate or ineffective to test the legality of his detention.'" *Id.* (omission and alteration in original) (quoting 28 U.S.C. § 2255(e)). "The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* at 474. Section 2255 may also be inadequate or ineffective when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* at 475 (internal quotation marks omitted).

11.  Neither situation applies to the Petition, nor are there any other facts in the Petition that would suggest that § 2255 is inadequate or ineffective. Therefore, this Court concludes that it lacks jurisdiction over the Petition pursuant to § 2241.

12.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed." 28 U.S.C. § 1631. This Court declines to transfer the Petition to the sentencing court to be considered pursuant to § 2255 as it appears that Petitioner has already filed his one, all-inclusive § 2255 motion. *See United States v. Trotman*, 563 F. App'x 243 (4th Cir. 2014) (per curiam) (denying a certificate of appealability). This Court declines to transfer the Petition to the United States Court of Appeals for the Fourth Circuit as it appears Petitioner cannot satisfy the requirements to bring a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3).

13.  An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: August 5, 2025